ZOUHARY, District Judge,
dissenting:
I find that the Board’s decision in this case was “arbitrary, capricious, an abuse of discretion ... or unsupported by substantial evidence.” 5 U.S.C. § 706(2)(A), (E). I understand that substantial deference is given to a Board’s decision. However, the facts of this ease do not support the Board’s decision.
First, there is no other reported decision where the sole issue has been the late filing of a preliminary paper, as opposed to the late filing of a final position paper. The difference between the two is significant. Second, the Board does not always dismiss motions for reinstatement where a filing has been untimely. Third, in light of the Board’s inconsistent dismissal of untimely motions combined with the general proposition that procedural rules can be relied on to control the Board’s docket, there is little logic to why the Board acted like it did when, in this case, a missing preliminary paper and an early final paper did not adversely impact the Board’s docket. Preliminary paper deadlines are logically not the same as final position paper deadlines, and the Board failed to recite how its decision in this case adversely impacted its docket. Rather, the Board seemed to rely on the curious notion that the experienced hospital lawyers “should have known better,” and failed to distinguish how this case differed from other cases where late filings were permitted. Fourth, the Board failed to account for the clear policy reasons favoring the hospital: the lack of prejudice, the subsequent change in the Rules which no longer even require the filing of a preliminary paper (see PRRB Rules, Part II, Rule 23.1), the availability of the group appeal where this case would have been transferred (and already disposed of), and the early filing of the final position paper which not only did not delay hearing this case, but arguably advanced the case for resolution or transfer.
Arbitrary and capricious does not mean unfettered discretion by the Board. Dismissal of an appeal for a technical procedural violation, without addressing the factors outlined above, fails to provide guidance for litigants. For these reasons, I respectfully dissent.